## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:01-cr-179-T-24

LUIS ALBEIRO LOPEZ-RAMIREZ

### ORDER

    Before the Court is *pro se* Petitioner's motion for a certificate of appealability pursuant to Federal Rule of Appellate Procedures 22(b). (Dkt. 123). The Court, having reviewed the motion, and being otherwise advised, concludes that the motion should be denied.

I. **BACKGROUND**

    On April 19, 2002 a jury convicted Petitioner of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B)(ii), and 963 (Dkt. 55). On October 18, 2002, Petitioner was sentenced to 292 months imprisonment (Dkt. 88). Petitioner directly appealed to the United States Court of Appeals for the Eleventh Circuit. On September 30, 2003, the Eleventh Circuit affirmed his conviction (Dkt. 98). On February 9, 2004, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Lopez-Ramirez v. USA*, 8:04-cv-00225-SCB-TBM, (Dkt. 1). The Court denied Petitioner's § 2255 motion on September 9, 2004 (Dkt. 104). On March 4, 2005, the Eleventh Circuit Court of Appeals denied Lopez-Ramirez's application for leave to file a successive motion to vacate. Petitioner has since filed numerous motions requesting review and reduction of his sentence, and reconsideration of the Court's previous orders, however, none of these motions appeared to be seeking appeal of any issues. Petitioner now moves for a certificate of appealability pursuant to Federal Rule of Appellate Procedures 22(b).

**II.     DISCUSSION**

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To merit a certificate of appealability, petitioner must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 475, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). To make such a substantial showing, petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (citation omitted). Petitioner must prove something more than the absence of frivolity or the existence of mere good faith, but petitioner is not required to prove that some jurists would grant the petition for habeas corpus. *Miller-El,* 537 U.S. at 338.

Petitioner has failed to meet this standard. In his motion, Petitioner merely restates arguments raised in his § 2255 motion, asserts arguments regarding the Court's jurisdiction, and requests that he be resentenced based on perceived errors in his October 2002 sentencing. Petitioner does not submit any argument showing that reasonable jurists would find debatable the merits of his claims or the procedural issues raised. Additionally, Petitioner's claims have previously been resolved by this Court and the Eleventh Circuit; there are no issues pending appeal in this matter. Accordingly, Petitioner's motion must be **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies furnished to: *Pro se* Petitioner and Counsel of Record